UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERINN B. FOLTS and
JOSEPH L. FOLTS,

                                Plaintiffs,            08-CV-0255A(Sr)

v.

EASTERN ASSET MANAGEMENT, LLC,

                                Defendant.

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #8.

## BACKGROUND

By Order entered June 17, 2009, counsel was granted permission to withdraw from representation of defendant Eastern Asset Management, LLC. Dkt. #15. Defendant Eastern Asset Management, LLC, was directed to retain new counsel and file a notice of appearance by such counsel within 60 days of the filing of the Order. Dkt. #15. Defendant Eastern Asset Management, LLC, was forewarned that its failure to retain counsel as directed would cause the undersigned to recommend the entry of default against it pursuant to Fed. R. Civ. P. 55. A copy of the Order was mailed to defendant Eastern Asset Management, LLC, at 3990 McKinley Parkway, Suite 4, Hamburg, NY 14219 and to defendant's general counsel, John P. Nicolia, Esq., at 300 International Drive, Suite 100, Williamsville, New York 14221. Dkt. #15.

Counsel has not appeared on behalf of defendant Eastern Asset Management, LLC, as directed nor has the Court had any communication from anyone with respect to defendant's efforts to retain counsel in this matter.

**DISCUSSION AND ANALYSIS**

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).[1] The Rule "tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).

Disregard of a court order to retain counsel is a failure, under Rule 55(a) to "otherwise defend." *Shapiro, Bernstein & Co. v. Continental Record Co., Inc.*, 386 F.2d 426, 427 (2d Cir. 1967). It is well settled that corporations cannot appear *pro se*. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). As a result, there is no question but that entry of default is proper where a corporate defendant fails to comply with a Court Order directing it to retain counsel. *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 336 (2d Cir. 1986); *See Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305, 1310 (2d Cir. 1990) ("Having determined that the district court properly ordered Eagle to

---

[1] In accordance with Fed. R. Civ. P. 55(b), following the entry of default and upon application by the party seeking judgment, the court will conduct an inquiry, by hearing or affidavit, to ascertain the amount of damages with reasonable certainty. *See Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

appear through counsel, it was appropriate to enter a default judgment when Eagle willfully disregarded the district court's order.").

As defendant Eastern Asset Management, LLC has failed to comply with the Court's Order directing it to retain new counsel, despite being warned that its failure to do so would cause the undersigned to recommend the entry of default, an order of default is warranted.

## **CONCLUSION**

For the foregoing reasons, it is recommended that an order of default be entered against defendant Eastern Asset Management, LLC.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the

magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u> *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to plaintiff's counsel and to Eastern Asset Management, LLC and John P. Nicolia, Esq.

**SO ORDERED.**

DATED:   Buffalo, New York
         March 3, 2010

                                    <u>s/ H. Kenneth Schroeder, Jr.</u>
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**

-4-